UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00354-ODW (SKx) | Date | February 20, 2026 |
|---|---|---|---|
| Title | F.A.L. v. Jaime Rios et al. | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):**        **ORDER GRANTING TRO [6]**

On February 19, 2026, Petitioner F.A.L.[1] filed an Ex Parte Application for a Temporary Restraining Order. (Ex Parte Appl. ("TRO"), Dkt. No. 6.) Respondents failed to timely respond. For the following reasons, the Court **GRANTS** Petitioner's TRO.[2]

Petitioner is a citizen of Guatemala who has lived in the United States since 1989. (Pet. ¶ 19, Dkt. No. 1.) On July 8, 2025, he was arrested during an ICE raid in Santa Ana, California. (*Id.* ¶ 22.) Since that day, ICE has detained Petitioner at its Adelanto Processing Center. (TRO 3.) ICE has detained Petitioner for a total of 227 days as of the date of this Order.

Petitioner has severe medical issues, including cirrhosis of the liver, anemia that requires blood transfusions, and bleeding into his esophagus and intestines. (Pet. ¶ 23.) Since his detention, Petitioner has been hospitalized three times. (*Id.*) His medical conditions require frequent care from specialists and a special diet. (*Id.* ¶ 24.) He is "at high risk of dying a preventable death if he remains in ICE custody." (*Id.*)

A temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*,

---

[1] At Petitioner's request, the Court uses Petitioner's initials in lieu of his full name.
[2] Petitioner raises a legal question whether his prolonged detention violates his Fifth Amendment rights to due process. (*See generally* TRO.) Thus, the Court has jurisdiction to review "the purely legal question" that Petitioner raises. *See United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00354-ODW (SKx) | Date | February 20, 2026 |
|---|---|---|---|
| Title | *F.A.L. v. Jaime Rios et al.* | | |

240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." To obtain this relief, a plaintiff must establish the *Winter* factors: (1) he "is likely to succeed on the merits"; (2) he "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

First, Petitioner is likely to show that his prolonged detention violates his due process rights. The Fifth Amendment protects all persons from being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The government does not have the power to "hold indefinitely in confinement an alien ordered removed." *Id.* at 697. The Supreme Court established that a six-month period of detention is "presumptively reasonable." *Id.* at 701. However, after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Petitioner has been in custody for over seven months. (TRO 1.) Accordingly, his detention is no longer presumptively reasonable. *See Zadvydas*, 533 U.S. at 701. Petitioner is currently appealing the immigration judge's decision denying him immigration relief. (TRO 4.) "This process will take many months, if not years." (*Id.*) As "ICE will require Petitioner to remain in custody for the indefinite future," (*id.*), the Court finds that he shows "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," *see Zadvydas*, 533 U.S. at 701. Respondents failed to respond with evidence sufficient to rebut this showing. Therefore, the first *Winter* factor weighs in favor of injunctive relief because Petitioner shows that he is likely to prevail on his *Zadvydas* claim.

Second, Petitioner is likely to suffer irreparable harm because his prolonged detention constitutes a deprivation of due process. *See id.* at 690 (noting that "[f]reedom from imprisonment . . . lies at the heart of the liberty" that the Due Process Clause protects); *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00354-ODW (SKx) | Date | February 20, 2026 |
|---|---|---|---|
| Title | *F.A.L. v. Jaime Rios et al.* | | |

deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976))).

Finally, the balance of hardships "tips strongly" in Petitioner's favor as he would suffer great hardship if the Court were to deny his TRO. *See Winter*, 555 U.S. at 26. Specifically, Petitioner would remain detained "for the indefinite future," without due process. (TRO 4.) Should Petitioner remain detained without due process, "neither equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022). Thus, the last two *Winter* factors also weigh in favor of an injunction.

For at least these reasons, the Court finds that all four *Winter* factors weigh in favor of a TRO. Accordingly, the Court **GRANTS** the TRO. (Dkt. No. 6.) The Court hereby **ORDERS**:

- Respondents shall **IMMEDIATELY RELEASE** Petitioner under the same conditions he was subject to immediately prior to his detention on July 8, 2025;

- Respondents are **ENJOINED** from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before a neutral adjudicator where Respondents will bear the burden to demonstrate a change in circumstances by clear and convincing evidence; and

- Respondents shall **SHOW CAUSE**, in writing only, to be received by the Court no later than **February 27, 2026**, as to why the Court should not issue a preliminary injunction in this case. Respondents shall address all of Petitioner's arguments for a preliminary injunction. Petitioner may file a reply by **March 3, 2026**. The Court **SETS** a hearing on the preliminary injunction on **March 6, 2026, at 8:15 a.m.**, in person, in Courtroom 5D.

**IT IS SO ORDERED**.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |