O

# United States District Court
# Central District of California

| | |
|---|---|
| F.A.L.,<br><br>            Petitioner,<br><br>      v.<br><br>JAIME RIOS et al.,<br><br>            Respondents. | Case № 8:26-cv-00354-ODW (SKx)<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

## I.   INTRODUCTION

Petitioner F.A.L. brings a petition for a writ of habeas corpus against Respondents Jaime Rios, Los Angeles Field Office Director for Enforcement and Removal Operations; Kristi Noem, Secretary of U.S. Department of Homeland Security ("DHS"); DHS; Pamela Bondi, U.S. Attorney General; Executive Office for Immigration Review; and Fereti Semaia, Warden of Adelanto Detention Facility. (Pet., Dkt. No. 1.)  On February 20, 2026, the Court granted Petitioner's application for a temporary restraining order and ordered Respondents to show cause why the Court should not issue a preliminary injunction.  (Min. Order Grant TRO ("TRO Order"), Dkt. No. 7.)  On March 6, 2026, the Court heard arguments from both parties. (Mins., Dkt. No. 14.)  For the reasons discussed below, the Court **GRANTS** the preliminary injunction.

## II.   BACKGROUND

Petitioner is a citizen of Guatemala. (Pet. ¶ 19.) Petitioner has lived in the United States since 1989. (*Id.*) On July 8, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner during a raid in Santa Ana, California. (*Id.* ¶ 22.) Since that day, ICE has detained Petitioner at its Adelanto Detention Facility. (*Id.* ¶ 6.) ICE had detained Petitioner for a total of 227 days as of the date of the Court's TRO Order. (TRO Order 1).

Petitioner has severe medical issues, including cirrhosis of the liver, anemia that requires blood transfusions, and internal bleeding. (Pet. ¶ 23.) Since his detention, Petitioner has been hospitalized three times. (*Id.*) His medical conditions require frequent care from specialists and a special diet. (*Id.* ¶ 24.) He is "at high risk of dying a preventable death if he remains in ICE custody." (*Id.*)

On February 17, 2026, Petitioner filed a Petition for Writ of Habeas Corpus on the grounds that his detention violates his due process rights. (*Id.* ¶¶ 39–49.) On February 19, 2026, Petitioner filed an Application for a Temporary Restraining Order ("TRO"). (Ex Parte Appl. ("TRO"), Dkt. No. 6.)

On February 20, 2026, the Court granted Petitioner's TRO. (TRO Order 3.) The Court ordered Respondents to immediately release Petitioner and enjoined Respondents from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before a neutral adjudicator where Respondents will bear the burden to demonstrate a change in circumstances by clear and convincing evidence. (*Id.*) The Court also ordered the parties to show cause why the Court should not issue a preliminary injunction in this case. (*Id.*) On March 3, 2026, Respondents filed their response to the Court's order to show cause. (OSC Resp. ("Resp."), Dkt. No. 10.) On March 3, 2026, Petitioner filed a reply. (OSC Reply ("Reply"), Dkt. No. 12.) On March 6, 2026, the Court held a hearing on whether to issue a preliminary injunction and heard arguments from both parties. (Mins.)

### III. LEGAL STANDARD

A court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, the plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm if the preliminary relief is not granted; (3) that the balance of equities tips in his favor; and 4) that the injunction is in the public interest (the "*Winter* factors"). *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The burden of demonstrating the need for a preliminary injunction rests with the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319 (9th Cir. 1994). The moving party must meet this burden with a "clear showing" that the preliminary injunction is warranted. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 881 (9th Cir. 2003).

### IV. DISCUSSION

Respondents contend that the action is moot because "Petitioner has now been released from custody," and "has obtained the complete relief sought." (Resp. 1.) Respondents argue that because Petitioner "has been released and the government does not intend to re-detain him unlawfully, the alleged injury—the detention itself—has ended, and there is no further relief for this Court to provide." (*Id.*)

**A.   Mootness**

Respondents argue that Petitioner's release from detention moots the requested preliminary injunction. (*Id.*) They contend that Petitioner has "already obtained the complete relief sought in the Petition over which this Court has jurisdiction." (*Id.*) Petitioner argues that his request for injunctive relief is not moot because, unless his preliminary injunction is made permanent, Petitioner faces the threat of re-arrest and mandatory detention. (Reply 1.) Petitioner also argues that "Respondents have the burden of proving that 'there is no reasonable expectation that the wrong will be

repeated.'" (*Id.* at 2.) Petitioner contends that Respondents failed to meet their burden. (*Id.*) Petitioner also argues that Respondents' statement, that they do "not intend to re-detain [Petitioner] unlawfully," carries little weight because "Respondents have already detained Petitioner before without notice of their intention to detain him, and relying on this intent is insufficient where Petitioner's liberty interest and fragile health conditions are at stake." (*Id.*)

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). For example, a "case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). However, a "defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Id.* at 174. Thus, defendants bear the "heavy" burden of demonstrating that "there is no reasonable expectation that the wrong will be repeated." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953).

Respondents fail to demonstrate that "there is no reasonable expectation that the wrong will be repeated." *Id.* Respondents do not meaningfully discuss in their Response whether there is a likelihood that they will re-detain Petitioner. (*See generally* Resp.) Instead, they merely state that "the government does not intend to re-detain him unlawfully." (*Id.* at 1.) Respondents' cursory statement provides no meaningful assurance that the challenged conduct will not recur. Thus, Respondents do not meet their heavy burden. *See NAACP, W. Region v. City of Richmond*, 743 F.2d 1346, 1353 n.6 (9th Cir. 1984) (finding lack of mootness in part because the defendant "made no such showing" that they will refrain from repeating the wrong).

The Court considered Respondents' argument raised during the preliminary injunction hearing and finds it unpersuasive. Respondents argue that Petitioner cannot show a likelihood of future harm to obtain prospective relief in the form of a preliminary injunction. Respondents are mistaken. "[T]here is no reason prospective

injunctive relief must always be premised on a realistic threat of a similar injury recurring. A sufficiently concrete prospective injury is sufficient." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 972 n.7 (9th Cir. 2018). In any event, as discussed below, Petitioner has shown "a sufficient likelihood that he will again be wronged in a similar way." *Id.* at 967. The burden was on Respondents to prove it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 170. As noted, Respondents fail to meet their heavy burden.

For these reasons, the Court finds that Respondents have failed to demonstrate that they will not repeat the wrong. Accordingly, the Court finds that Petitioner's request for a preliminary injunction is not moot.

### B.   *Winter* Factors

Respondents fail to address the merits of Petitioner's request for a preliminary injunction. (*See generally* Resp.) The Court deems Respondents' failure to address the merits of Petitioner's request for a preliminary injunction as their concession that a preliminary injunction should issue absent mootness. *See Min v. Santacruz*, No. 2:25-cv-10971-MEMF (ASx), 2025 WL 3764071, at *1 (C.D. Cal. Dec. 23, 2025) (finding that the government's failure to address the *Winter* factors as a concession that a preliminary injunction should issue if the court did not find mootness).

Even considering the merits, and forced to rely on the TRO briefing in this matter, the Court finds that a preliminary injunction should issue for substantially the same reasons why the Court granted Petitioner's TRO. *See Baltazar v. Noem*, No. 5:26-cv-00015-MWF (MBKx), 2026 WL 413527, at *3 (C.D. Cal. Jan. 30, 2026) ("Because Respondents failed to substantively respond to whether a Preliminary Injunction should issue, the Court relies solely on the briefing provided in connection with the Motion for Temporary Restraining Order.").

First, Petitioner has shown a likelihood of success on his claim that his re-detention violates his procedural due process rights. The Fifth Amendment protects

all persons from being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.  It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  The government does not have the power to "hold indefinitely in confinement an alien ordered removed." *Id.* at 697.  The Supreme Court established that a six-month period of detention is "presumptively reasonable." *Id.* at 701.  However, after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner had been in custody for over seven months as of the date of the Court's TRO Order.  (TRO 1.)  Accordingly, his detention is no longer presumptively reasonable.  *See Zadvydas*, 533 U.S. at 701.  Petitioner is separately appealing the immigration judge's decision denying him immigration relief.  (TRO 4.)  "This process will take many months, if not years."  (*Id.*)  Thus, Petitioner shows "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701.  Respondents fail to respond with evidence sufficient to rebut this showing.  Therefore, the first *Winter* factor weighs in favor of injunctive relief because Petitioner shows that he is likely to prevail on the merits of his due process claim.

Second, Petitioner has shown that he is likely to suffer irreparable harm absent injunctive relief.  Petitioner "is at a high risk of dying a preventable death" if he remains in ICE custody.  (TRO 11–12.)  This alone proves irreparable harm.  "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  "[I]n cases involving a constitutional claim, a likelihood of success on the merits usually establishes irreparable harm." *Baird v. Bonta*, 81 F.4th 1036, 1048 (9th Cir. 2023).  Therefore, the

second *Winter* factor weighs in favor of injunctive relief because Petitioner shows that he is likely to suffer irreparable harm should Respondents re-detain him.

Finally, for the same reasons the Court previously noted, the balance of equities and the public interest tip sharply in Petitioner's favor. (TRO Order 3.) "[I]t is clear that it would not be equitable or in the public's interest" to allow the government "to violate the requirements of federal law." *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013). Absent preliminary injunctive relief, Petitioner remains subject to potential re-detention once the TRO expires. Should Petitioner be re-detained without due process, "neither equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022). Thus, the last two *Winter* factors also weigh in favor of an injunction.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's request for a preliminary injunction. For the duration of this habeas action, the Court **ENJOINS** Respondents from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before a neutral adjudicator where Respondents will bear the burden to demonstrate a change in circumstances by clear and convincing evidence.

**IT IS SO ORDERED.**

March 6, 2026

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**