**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

F.A.L.,

      Petitioner,

      v.

JAIME RIOS, *et al.*,

      Respondents.

Case No. 8:26-cv-354-ODW (SK)

**ORDER GRANTING PETITION UNDER 28 U.S.C. § 2241**

The background and procedural history of this case need not be repeated because they have been detailed before in the Court's February 20, 2026 order granting petitioner's application for a temporary restraining order (TRO) and its March 6, 2026 order issuing a preliminary injunction (PI).  (Dkt Nos. 7, 15).  As a result of those combined orders, Petitioner has been released from Respondents' custody and Respondents have been enjoined from "re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before a neutral adjudicator where Respondents will bear the burden to demonstrate a change in circumstances by

1

clear and convincing evidence." (Dkt No. 15 at 7).  The parties thus agree that no further proceedings are necessary and that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is ready for final disposition.  (Dkt No. 20).

IT IS THEREFORE ORDERED THAT the habeas petition be GRANTED for the same reasons and under the same terms set forth in the Court's TRO and PI orders.  *See Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (9th Cir. 2007) (Findings and "conclusions on pure issues of law" during TRO and PI proceedings are typically "binding" through judgment.); *see also Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (en banc) (describing exceptions not applicable here); *cf.* Fed. R. Civ. P. 65(a)(2) (providing that merits adjudication of case may be based on same evidence received during PI proceedings).  Judgment in petitioner's favor will be entered accordingly.

IT IS SO ORDERED.

DATED:  May 1 , 2026

_____
OTIS D. WRIGHT, II
United States District Judge

2